IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    v.<br>CHRISTOPHER FEKOS,<br>        Movant | : Case No. 2:06-cr-237-KRG-KAP<br>: Case No. 2:13-cv-1094-KRG-KAP<br>: |
| UNITED STATES OF AMERICA,<br>    v.<br>CHRISTOPHER FEKOS,<br>        Movant | : Case No. 2:07-cr-116-KRG-KAP<br>: Case No. 2:13-cv-1095-KRG-KAP<br>: |

Report and Recommendation

Recommendation

Christopher Fekos filed two related motions to vacate his two related convictions. The motions should be summarily denied without a certificate of appealability.

Report

As Fekos alleges, on May 17, 2007, he entered a counseled plea of guilty pursuant to a plea agreement that contained a waiver of his right to file direct appeals and collateral attacks except in circumstances not present here. Fekos was sentenced on September 12, 2007, and despite the appellate waiver Fekos filed a notice of appeal. When the Court of Appeals enforced the waiver, docket no. 65-1 (opinion of the Court of Appeals), Fekos filed a petition for a writ of certiorari in the Supreme Court. That petition was denied in October 2009. Fekos' convictions became final at that time.

Now, almost four years later, Fekos moves pursuant to 28 U.S.C.§ 2255 to vacate his sentences. Fekos's one-year period to

file a motion to vacate expired in October 2010, because 28 U.S.C.§ 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Recognizing the statutory barrier, Fekos asserts that 28 U.S.C.§ 2255(f)(3) applies to make his motions timely, based on his argument that one of his claims was newly recognized by the recently decided Peugh v. United States, 133 U.S. 2072 (2013). However, Peugh, if it applies, has not been made retroactively applicable to cases on collateral review. Fekos also does not show why this court should ignore the appellate waiver that has already been held to be valid.

Because there is no substantial question as to the validity or applicability of the appellate waiver, and no substantial claim that Fekos' motion to vacate is timely, no certificate of appealability should issue.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: August 1, 2013          _____
                              Keith A. Pesto,
                              United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Christopher Fekos, Reg. No. 03905-068
    F.C.I. Elkton
    P.O. Box 10
    Lisbon, OH 44432