IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> CHRISTOPHER FEKOS, <br><br> Movant | Case No. 2:06-cr-237-KRG-KAP <br> (related to Case No. 2:13-cv-1094-KRG-KAP) |
| UNITED STATES OF AMERICA, <br> v. <br> CHRISTOPHER FEKOS, <br><br> Movant | Case No. 2:07-cr-116-KRG-KAP <br> (related to Case No. 2:13-cv-1095-KRG-KAP) |

Report and Recommendation

Recommendation

Movant Christopher Fekos, represented by counsel, filed two related motions styled "Motion for De Novo Review...," see docket no. 154 at Case No. 2:06-cr-237-KRG-KAP, and docket no. 79 at Case No. 2:07-cr-116-KRG-KAP. The government has moved to dismiss both motions, see docket no. 155 at Case No. 2:06-cr-237-KRG-KAP, and docket no. 80 at Case No. 2:07-cr-116-KRG-KAP. The motions were referred to me under 28 U.S.C.§ 636(b)(3). Movant's motions should be denied for lack of jurisdiction, and the government's motions denied as moot.

Report

As the Court recalls, movant Fekos entered a counseled plea of guilty in May 2007 pursuant to a plea agreement that contained a provision waiving his right to file direct appeals and collateral attacks except for conditions not suggested to apply here, or in case Fekos's sentence "unreasonably exceeds the guideline range determined by the Court." Fekos pursued direct

appeals after his sentencing in September 2007. The Court of Appeals enforced the waiver, No. 07-3734 (3d Cir. March 25, 2009) and No. 07-3735 (3d Cir. March 25, 2009) and by October 2009 the Supreme Court had denied Fekos' petition for a writ of certiorari, No. 09-5752 (U.S. October 5, 2009).

Almost four years later, in July 2013, Fekos filed motions to vacate his sentence under 28 U.S.C.§ 2255. I recommended that they be denied as untimely, see 28 U.S.C.§ 2255(f), and as barred by the waiver in the plea agreement. The Court denied Fekos's motions to vacate in September 2013, and by February 2014 the Court of Appeals had denied certificates of appealability, No. 13-4213 (3d Cir. February 12, 2014) and No. 13-3968 (3d Cir. February 12, 2014).

Fekos now seeks what he describes as a commutation of his sentence "in place of a full appeal" on the grounds that events "[s]ometime in late 2003 or 2004" show that one of the fraudulent transactions Fekos was held liable for was not fraudulent, and therefore the number of victims and the financial loss calculated at the time of the preparation of the presentence reports in 2007 overestimated the amount of loss for which Fekos should be held liable.

The Court can correct a computation error within 14 days of sentence, Fed.R.Crim.P. 35, and a clerical error at any time, Fed.R.Crim.P. 36, but this not a claim of computational or clerical

error. There is no such judicial entity as commutation of a sentence in lieu of appeal. Fekos's claim that there was an error in the facts the Court relied on to compute the advisory guideline range is not equivalent to a claim that Fekos's sentence "unreasonably exceeds the guideline range **determined** by the Court" (my emphasis) and therefore does not escape the bar on collateral attacks contained in the plea agreement. In substance this is a second motion to vacate, and under 28 U.S.C.§ 2244 it must be reviewed by the Court of Appeals before this court has jurisdiction.

Fekos does not make a *prima facie* showing that his motion has merit. Fekos does not show, simply by submitting a 2014 affidavit making averments about events in 2000 and "late 2003 or early 2004" that his motion is based in fact on "newly discovered evidence." Fekos necessarily would have to show that this evidence was not known to him or to previous counsel at or before the time the plea was entered and he was sentenced in 2007, and therefore Fekos would have to claim previous counsel's ineffectiveness to excuse any such lack of knowledge. Current counsel realizes that asserting an ineffectiveness claim would clearly be recognized as attempting a second motion to vacate, but counsel's attempt to avoid Section 2244 by giving the motion an unconventional title does not keep the Court from looking to its substance.

3

Second, as the government points out, there is no showing why the waiver agreement, already twice enforced, should now become inapplicable.

Third, Fekos' theory is tenuous at best: his claim, years after the entry of a plea and sentencing, is that the loss is not what the Court found. Could a fraudulent seller of stock file a motion to vacate if several years after sentencing there were a market uptick that meant victims recouped some of their loss? Fekos's logic is weaker because the market uptick analogy is the alleged increased worth in the sale of a business years **before** Fekos acknowledged under oath that it was part of a fraudulent scheme.

But most important, before the Court can consider the motion on the merits Fekos must convince the Court of Appeals that his motions meet the gatekeeping requirements of 28 U.S.C.§ 2244 and 28 U.S.C.§ 2225(h)(1), that is that the factual predicate for the claim is:

newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the underlying offense.

I recommend that the motions be dismissed for lack of jurisdiction. Dismissal by this Court does not prevent Fekos from filing motions directly in the Court of Appeals for leave to raise his claim of new evidence in a second or successive petition. Judicial economy also suggests that the waiver provisions of the plea agreement

4

should be addressed by the circuit, which will have the last word on the enforceability of the waiver provisions, before any hearing on the merits of the motions were to be scheduled.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 2 March 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF